**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 21-4384**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

FRED ANTOINNE JOHNSON,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (5:10-cr-00181-BO-2)

Submitted: March 29, 2022      Decided: March 31, 2022

Before HARRIS, QUATTLEBAUM, and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Sean P. Vitrano, VITRANO LAW OFFICES, PLLC, Wake Forest, North Carolina, for Appellant. Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fred Antoinne Johnson appeals his 42-month revocation sentence, arguing that the district court procedurally erred by failing to explain why it rejected his nonfrivolous arguments for a lesser sentence. For the following reasons, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). Accordingly, "[w]e will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). In determining "whether a revocation sentence is plainly unreasonable, we first must determine whether the sentence is procedurally or substantively unreasonable." *Id.* Even if a revocation sentence is unreasonable, we will reverse only if it is "plainly so." *Id.* at 208 (internal quotation marks omitted).

For an original sentence to be procedurally reasonable, the district court "must address the parties' nonfrivolous arguments in favor of a particular sentence, and if the court rejects those arguments, it must explain why in a sufficiently detailed manner to allow this Court to conduct a meaningful appellate review." *United States v. Blue*, 877 F.3d 513, 519 (4th Cir. 2017). Similar but less stringent principles apply to revocation sentences: "A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *Slappy*, 872 F.3d at 207 (footnote omitted); *see also United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (noting that, in reviewing a revocation sentence, we are guided by "the same procedural

2

and substantive considerations that guide our review of original sentences," but we take "a more deferential appellate posture" (cleaned up)). If the case is simple and the sentence is within the policy statement range, only minimal explanation may be required. *See United States v. Patterson,* 957 F.3d 426, 438-39 (4th Cir. 2020).

Given the straightforward and interactive nature of the district court proceedings, the fact that Johnson received a sentence within the calculated policy statement range, and the court's discussion of Johnson's offense, history, and characteristics, we conclude that Johnson's sentence is procedurally reasonable. We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*